# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK MILLS,**

    Plaintiff,

  v.                                  Case No. 19-CV-1870

**TORRIA VANBUREN, et al.,**

    Defendants.

## SCREENING ORDER

Plaintiff Derek Mills, an inmate at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. The case is now before me on Mills' motion for leave to proceed without prepaying the filing fee and for screening of his complaint. I have jurisdiction to resolve Mills' motion to proceed without prepaying the filing fee and to screen his complaint in light of Mills' consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

*1. Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Mills was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without

prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 3, 2020, I ordered Mills to pay an initial partial filing fee of $2.33. (ECF No. 5.) Mills paid that fee a few weeks later. Accordingly, I will grant Mills' motion to proceed without prepaying the filing fee. He must pay the balance of the $350 filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Mills sets forth a detailed history of his mental health struggles, which started early in his childhood. He explains that, on January 9, 2019, he was transferred to Waupun, which is where he encountered the defendants. Mills describes the many times he has engaged in self-harm while at Waupun, including eight suicide attempts. Mills alleges that the defendants have been deliberately indifferent to his serious mental health needs.

The Eighth Amendment prohibits "cruel and unusual punishments" and "imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that inmates receive adequate care." *Phillips v. Diedrick*, 18-C-56, 2019 WL 318403 at *2 (E.D. Wis. Jan. 24, 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). While a prison official's deliberate indifference to a prisoner's substantial risk of serious harm violates the Eighth Amendment, not every claim by a prisoner that he did not receive adequate care will succeed. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, Mills must allege that (1) his mental health needs were objectively serious, and (2) the defendants consciously disregarded those needs. *Berry v. Lutsey*, 780 Fed. App'x 365, 368-69 (7th Cir. 2019) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Certainly, Mills has satisfactorily alleged that he has objectively serious mental health needs. However, I cannot reasonably infer from his allegations that the defendants have consciously disregarded those needs.

Mills mentions defendant Dr. Maureen White a few times in the body of his complaint. He alleges that, on March 6, 2019, he requested to meet with her. He asked that she send him the Wisconsin Resource Center paperwork they had talked about, and he informed her that he was hearing voices more frequently. About a week later, he wrote her again, asking if there was any progress on referring him to the Wisconsin Resource Center. Mills does not allege whether or how Dr. White responded. Mills allegedly met with Dr. White on June 10, 2019, and informed her of the diagnosis he had received the prior year. He also alleges that he wrote an emergency request on

4

July 21, 2019, asking for a transfer to the Wisconsin Resource Center. Dr. White allegedly responded to him that same day, telling him that they could discuss his request at their next meeting. Mills does not allege whether they met or, if they did, how Dr. White responded. Although Mills identifies Torria Vanburen, Dr. Metayer, Crystal Marchant, Dr. Kron, and Robert Martin as defendants, he does not mention them in the body of his complaint.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Instead, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (citations omitted). A claim is plausible when the factual allegations allow the court to reasonably infer that the defendants did what a plaintiff says they did. *Id.*

Here, Mills concludes that the defendants were deliberately indifferent to his serious mental health needs, but he includes no factual allegations about what the defendants did or did not do that would allow me to reasonably reach the same conclusion. Without factual allegations supporting such a conclusion, Mills fails to state a claim.

I will allow Mills to file an amended complaint to describe what he believes each defendant did or did not do to violate his constitutional rights. Mills' amended complaint does not need to be long, it does not need to include every detail of every

5

interaction, nor does it need to contain legal language or citations to statutes or cases. However, his amended complaint must provide the court and each defendant with notice of what each defendant allegedly did or did not do to demonstrate deliberate indifferent to his serious mental health needs. An amended complaint replaces the prior complaint, so the amended complaint may not refer to or rely on the prior complaint. Mills' amended complaint must contain all his allegations against all the people he wants to sue.

Finally, I remind Mills that, under § 1983, a plaintiff may sue only those individuals who were personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649. 657 (7th Cir. 2017). A person's role as a supervisor will not be a sufficient basis for liability. The only time a supervisor will be held liable for a subordinate's misconduct is if the supervisor directs or consents to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what they might see. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

**THEREFORE, IT IS ORDERED** that Mills' motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

6

**IT IS FURTHER ORDERED** that Mills may file an amended complaint that complies with the instructions in this order on or before **February 24, 2020**. If Mills files an amended complaint by the deadline, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Mills does not file an amended complaint by the deadline, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Mills shall collect from his institution trust account the $347.67 filing fee balance by collecting monthly payments from Mills' prison trust account in an amount equal to 20% of the preceding month's income credited to Mills' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Mills is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Mills is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Mills is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2020.

**BY THE COURT:**

*s/Nancy Joseph*
Nancy Joseph
United States Magistrate Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.