# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DEREK MILLS,**

    Plaintiff,

    v.                                           **Case No. 19-CV-1870**

**TORRIA VAN BUREN, et al.,**

    Defendants.

## ORDER ON PLANITIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Derek Mills is representing himself in this § 1983 case. On May 22, 2020, Mills filed a motion for a temporary restraining order and preliminary injunction. (ECF No. 44.) He asserts that the defendants have repeatedly allowed him to harm himself and have refused to provide adequate treatment for his mental health conditions. He asks that I order that a different psychological services clinician treat him and for an award him money damages. (ECF Nos. 42 at 3, 44 at 2.)

On June 12, 2020, the State defendants[1] responded to Mills' motion. (ECF No 53.) In support of their response, they filed copies of Mills' mental health records, updated through June 8, 2020. The defendants explain that psychological services

---

[1] Dr. Emmanuel Metayer is not an employee of the State of Wisconsin, and he is represented by separate counsel. According to court records, he has not yet been served with Mills' amended complaint. On June 2, 2020, the U.S. Marshals Service prepared a service packet for personal service on Dr. Metayer. See Dkt. No. 51 (letter from Dr. Metayer's lawyer informing the court that Dr. Metayer requests that he be served directly).

staff has seen Mills twenty-five times since he arrived at Waupun Correctional Institution in January 2019. They state that Mills continues to have access to psychological services, even during the current Coronavirus crisis.

According to the defendants, Mills has requested to see a different clinician, but after reviewing his requests, defendant Torria Van Buren determined there was no treatment need to switch clinicians. The defendants explain that there has been no need for Mills to be seen by health services staff or to be sent off-site for emergent care for any self-harm injuries since the July 2019 incident that is the focus of this lawsuit. Further, the defendants assert that Mills has not been involved in any incidents that were notable enough for a staff member to complete an incident report in the past six months.

Defendant Maureen White, the clinician currently assigned to Mills, opines in her declaration that she "does not believe Mr. Mills is in any imminent danger of a serious risk to his health or safety." (ECF No. 55 at ¶ 21.) She further explains that, "[i]n [her] professional judgment, Mr. Mills' self-harming behaviors are non-life threatening, under his control, and done for other reasons, such as attracting attention, avoiding the consequences of his behavior, or moving to the caseload of specific clinicians." (*Id.* at ¶ 20.)

As the U.S. Supreme Court has observed, "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (citations omitted). Accordingly, for the court

2

grant Mills' requested relief, he must show that: (1) he has "a reasonable likelihood of success on the merits; (2) no adequate remedy at law exists; (3) [he] will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the [defendants] will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Because Mills is incarcerated, the court's power to grant preliminary injunctive relief is further limited by the Prison Litigation Reform Act (PLRA). Specifically, 18 U.S.C. § 3626(a)(2) requires that any preliminary relief the court grants "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."

To prevail on his deliberate-indifference claims, Mills will have to show that the defendants intentionally disregarded a known, objectively serious mental health condition that posed an excessive risk to his health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). He will be able to make that showing only if he demonstrates that the defendants' subjective responses were "so inadequate that [they] demonstrated an absence of professional judgment, that is that 'no minimally competent professional would have so responded under those circumstances.'" *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Mills will not be able to make that showing merely by demonstrating that he disagrees with the defendants' decisions; "prisoners are not entitled to receive the particular medical treatment of their choice." *Hall-Bey v. Ridley-Turner*, 154 F. App'x 493, 494 (7th Cir. 2005).

3

The parties have submitted hundreds of pages of records, including Mills' information and service requests, the defendants' responses to those requests, results of psychological screenings, providers' impressions, and treatment plans. (ECF Nos. 44-1 and 54-1.) The records demonstrate consistent treatment, though, in many cases, not the treatment Mills wants or believes he needs. The fact that Mills and his providers merely disagree about the proper course of treatment undermines Mills' claim that he has a likelihood of prevailing on the merits. *See Hall-Bey*, 154 F. App'x at 494; *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997) ("the Constitution is not a medical code that mandates specific medical treatment" (citations omitted)). Further, the fact that Mills has not required treatment for any self-inflicted injuries for more than a year is inconsistent with his claim that he is in imminent danger of irreparable harm.

Also, granting the particular relief Mills seeks would run afoul of the PLRA's requirement that the court pursue the least intrusive means necessary to correct the harm. Courts are to defer "to a medical professional's treatment decision 'unless no minimally competent professional would have so responded under those circumstances.'" *Lockett v. Bonson*, 937 F.3d 1016, 1023 (7th Cir. 2019) (citations omitted). This is because "there is no single 'proper' way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field." *Id.* (citations omitted). Mills provides no evidence suggesting that the treatment he is being offered is far outside the range of acceptable treatment. He simply disagrees with the treatment. I cannot override Mills' healthcare providers'

4

decisions and dictate a specific course of treatment simply because Mills disagrees with them. The law does not allow for such an intrusive remedy. Accordingly, I will deny Mills' motion for a temporary restraining order and preliminary injunction.

**IT IS THEREFORE ORDERED** that Mills' motion for a temporary restraining order and preliminary injunction (ECF No. 44) is **DENIED**.

Dated in Milwaukee, Wisconsin, this 13th day of July, 2020.

BY THE COURT:

s/*Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge