UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEREK MILLS,

                 Plaintiff,

v.                                                                               Case No. 19-cv-1870-bhl

TORRIA VAN BUREN, et al.,

                 Defendants.

## DECISION AND ORDER

On December 28, 2020, Defendants filed a motion for summary judgment. Dkt. No. 86. On January 13, 2021, the Court granted Plaintiff Derek Mills' motion for an extension of time to respond to the motion. Dkt. No. 100. The Court ordered him to file his response materials by March 1, 2021, and reminded him that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond by the deadline would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. On March 8, 2021, a week after the deadline, Mills requested a second extension. Dkt. No. 104. He explained that he was in segregation and needed "a final extension of 30 days." *Id.* He represented that he would get out of segregation on March 18, 2021 and would file his response materials by March 21, 2021. *Id.* The Court granted his motion and ordered him to file his response materials by April 1, 2021. Dkt. No. 105. The Court again reminded Mills that under Civil L. R. 7(d) failure to respond to the motion by the deadline would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. The deadline has passed and Mills did not oppose the motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that they are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, Defendants are entitled to judgement as a matter of law because Mills failed to exhaust his available administrative remedies on his claim against Robert Drehmel and the remaining Defendants provided constitutionally adequate mental health care.[1] Additionally, pursuant to Civil L. R. 7(d), Mills' failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for his noncompliance.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 86) is **GRANTED.**

**IT IS FURTHER ORDERED** that Mills' claim against Robert Drehmel is **DISMISSED without prejudice** based on Mills' failure to exhaust his available administrate remedies and his claims against the remaining Defendants are **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 9th day of April, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] In addition to demonstrating that they there entitled to summary judgment on the merits, Defendants Jamie Engstrom and Torria Van Buren have shown that Mills failed to exhaust his available administrative remedies as to some of his claims against them. The Court is dismissing those claims on the merits. *See Fluker v. County of Kankakee*, 741 F.3d 787, 791-94 (7th Cir. 2013) (holding that it may make "perfect sense" for a court to address the merits, even after deciding a prisoner failed to exhaust his remedies).

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.